**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 16-104** |
| **ALVIN WATTS, III** | **SECTION I** |

<u>**ORDER & REASONS**</u>

Before the Court is defendant Alvin Watts, III's ("Watts") motion[1] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),[2] which the government opposes.[3] For the following reasons, the motion is denied.

**I.**

On August 22, 2018, a jury found Watts guilty of all four counts of the indictment, which charged him with one count of conspiracy to possess, transport and traffic in embezzled pre-retail medical products and stolen property; one count of trafficking in stolen and embezzled pre-retail medical products; one count of transportation of stolen property; and one count of receipt, possession, concealment,

---

[1] R. Doc. No. 326.

[2] Watts also captions his motion as being brought pursuant to 18 U.S.C. § 3582(c)(1)(B), which provides that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Federal Rule of Criminal Procedure 35 provides that a court may correct or reduce a defendant's sentence for arithmetical, technical, or other clear errors, or upon the government's motion for substantial assistance. Fed. R. Crim. P. 35. Section 3582(c)(1)(B) is, therefore, inapplicable, as Watts does not contend that his sentence falls into any of those categories.

[3] R. Doc. No. 332.

storage, and sale of stolen property, in violation of 18 U.S.C. §§ 2, 371, 670, 2314, and 2315.[4]

On May 15, 2019, the Court sentenced Watts to concurrent terms of 60 months for count one and 108 months for counts two through four in the custody of the Bureau of Prisons ("BOP"), to be followed by concurrent terms of three years of supervised release.[5]  Watts is currently incarcerated at FCI Oakdale.[6]

Counsel for Watts filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit from his convictions, sentences, and final judgment on May 22, 2019.[7] Appellate briefing was completed on March 12, 2020.[8] Watts filed the instant motion on May 11, 2020.[9]  To date, the Fifth Circuit has not ruled on Watts's direct appeal.

## II.

In relevant part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  The reduction must

---

[4] R. Doc. Nos. 1 & 184.
[5] R. Doc. No. 294.
[6] *See* R. Doc. No. 332-1, at 1.
[7] R. Doc. No. 298.
[8] *See* Appeal No. 19-30407.
[9] R. Doc. No. 326.

also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Watts's motion does not initially assert that he has submitted a request for compassionate release to the warden of the facility at which he is being held.[10] Instead, he argues that because "Federal Prison Oakdale Warden Myers presents as a biased decisionmaker, Movant is subjected to undue prejudice giving cause for the exhaustion of administrative protocols to become an exercise in futility[.]"[11] Watts subsequently states in his motion that "[d]ated April 23, 2020, Federal Prison Oakdale Warden Myers denied [an] early release petition[,] citing having served less than 50 percent of the term of imprisonment as the disqualifying factor."[12]

Watts supplemented the record with a memorandum from Warden Myers informing Watts that he has been identified as an individual with certain medical conditions that increase his risk of experiencing a more severe illness if he contracts

---

[10] *See* R. Doc. No. 326.
[11] *Id.* at 1.
[12] *Id.* at 3–4.

COVID-19.[13]  Watts additionally supplemented the record with a letter from the Oakdale FCI Union representative to the Occupational Safety and Health Administration, which alleges that Warden Myers is improperly addressing the risks that COVID-19 imposes to prison employees and inmates.[14]

The government argues in opposition that the Court lacks jurisdiction over Watts's motion for two reasons—first, the case is still pending on appeal before the Fifth Circuit and, second, Watts failed to exhaust his administrative remedies.[15]

### III.

"[A]n appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *United States v. Pena*, 713 F. App'x 271, 272–73 (5th Cir. 2017) (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)).  The Court has three options in a case such as this where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."  Fed. R. Crim. P. 37(a).  The Court may defer considering the motion; deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.  *Id.*

The Court agrees with the government that it lacks jurisdiction over the instant motion because Watts's appeal is still pending before the Fifth Circuit.

---

[13] R. Doc. No. 331.
[14] R. Doc. No. 335.
[15] R. Doc. No. 332, at 2, 5.

Therefore, the Court will exercise its second option under Rule 37(a) and deny the motion without prejudice to renew if this Court re-obtains jurisdiction.

## IV.

Accordingly,

**IT IS ORDERED** that Watts's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED** without prejudice to renew if this Court re-obtains jurisdiction.

New Orleans, Louisiana, June 5, 2020.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**