# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| | NO. 16-104-SDD-EWD |
| ALVIN WATTS, III | |

## ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Alvin Watts, III ("Defendant").[1] The Government opposes this motion.[2] For the following reasons, the motion is denied.

## Background

Defendant is currently incarcerated at Oakdale II FCI in Oakdale, Louisiana following being convicted by a jury of (1) conspiracy to possess, transport, and traffic embezzled pre-retail medical products and stolen property; (2) trafficking in stolen and embezzled pre-retail medical products; (3) transportation of stolen property; and (4) receipt, possession, concealment, storage, and sale of stolen property.[3] His projected release date is December 21, 2025.[4] The Defendant

---

[1] R. Doc. 375. Defendant also filed Responses to the Opposition and supplemented the record. *See, e.g.*, R. Docs. 378, 383, 414, 431 432, 435, 456, 457, & 463. In R. Doc. 378 and its attachments, Defendant requests to supplement the record with additional evidence including a response from Oakdale's warden in response to Defendant's request for "camp consideration," and a federal prison newsletter, a compassionate release denial. The Court has considered these documents in connection with the Motion for Compassionate Release and has determined these records do not aid Defendant in proving extraordinary and compelling circumstances warranting compassionate release. Thus, the Motion will be granted, but since it has already been considered, the Court does not delay in ruling on the Motion for Compassionate Release. The same is true for the Motion to Supplement contained in R. Doc. 463. The Court has considered the arguments provided therein but has determined that these arguments do not support Defendant's case. Rather, the fact that FCI Oakdale II initiates a 14 day lockdown as a result of only two positive COVID-19 cases supports the notion that Defendant is quite safe in his current environment.
[2] R. Doc. 379. The Government also filed updated supplemental responses in opposition to the Motion and exhibits. R. Docs. 382, 431, 432, 446, & 449.
[3] R. Doc. 184. The Inmate Locator can be found on BOP's website at https://www.bop.gov/inmateloc/ (last visited on October 27, 2021).
[4] Federal Bureau of Prisons, www.bop.gov/inmateloc/ (last visited on October 27, 2021).

now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that his serious medical conditions are "extraordinary and compelling" reasons to reduce his sentence.

## Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[5]  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Defendant moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions.  In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant

---

[5] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3852(c)(1)(A)(i).

### Extraordinary and Compelling Reasons[6]

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) extraordinary and compelling reasons warrant the reduction; ...
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,

---

[6] Defendant also did not properly exhaust administrative remedies prior to filing his motion seeking compassionate release, which provides this Court with a basis for denial of the motion without prejudice, but since the motion has no substantive merit, the Court simply denies the motion on the merits. *See United States v. Hanzik*, No. 20-61221, 2021 WL 4954069 (5th Cir. Oct. 25, 2021) (wherein the Fifth Circuit declined to address whether the defendant had exhausted administrative remedies with respect to his motion for compassionate release and, instead, relied on the district court's alternative conclusion that the motion failed on the merits).

(II) suffering from a serious functional or cognitive impairment, or

(B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant
(i) is at least 65 years old;
(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

In *United States v. Shkambi*,[7] the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended §3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[8]

*Shkambi* does not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13 informs our analysis as to what reasons may be

---

[7] 993 F.3d 388 (5th Cir. 2021).
[8] *Id.* at 393.

sufficiently 'extraordinary and compelling' to merit compassionate release."[9]  And other circuits are in accord.[10]

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[11]  The only "extraordinary and compelling reason" that would apply in this case is "(A) Medical Condition of the Defendant."

### Medical Condition of Defendant

In his request, Defendant alleges that he suffers from hypertension and obesity.[12]  Despite these underlying conditions, Defendant's condition does not present extraordinary or compelling reasons for compassionate release because he has now been fully vaccinated with the Pfizer-BioNTech COVID-19 vaccine.[13]  In the Fifth Circuit and elsewhere, courts have denied early release to inmates with a variety of medical conditions who, like Defendant, have been vaccinated for COVID-19.[14]

---

[9] *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

[10] *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused.  In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

[11] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

[12] R. Doc. 375, p. 7.

[13] R. Doc. 449.

[14] *See United States v. Parham*, No. 1:19-CR-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (finding that "generalized concerns of contracting COVID-19[ ] are not an 'extraordinary and compelling reason' " where the defendant had received the COVID-19 vaccine); *United States v. Schad*, No. CR 2:17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021) (denying compassionate release where the defendant had been fully vaccinated against COVID-19); *United States v. Wakefield*, No. 1:19-CR-00095, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) ("Because [the defendant] has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the [d]efendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release."); *United States v. Grummer*, No. 08-CR-4402, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release and noting that "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19");

Defendant's newest argument that he should qualify for release because he has not received a COVID-19 booster shot is also unpersuasive.[15] Defendant received his second dose of the Pfizer vaccine on June 3, 2021.[16] For individuals who received the Pfizer vaccine, like Defendant here, the CDC's most recent recommendation calls for vaccine booster shots if the individual completed their initial series at least six months ago and are, in pertinent art, age 18+ and have underlying medical conditions or who are 18+ and live in high-risk settings.[17] Accordingly, Defendant is not eligible at this time for a booster shot because he received his vaccination less than six months ago.[18]

Further, though Defendant has submitted numerous scientific articles and has presented arguments regarding breakthrough infections,[19] this Court has previously found that

> amidst the current surge attributable to the Delta variant, hundreds (and sometimes *thousands*) of new cases of COVID-19 are reported among Louisiana's general, non-prison population each day. In short, on the present showing it is not clear that Defendant is at a significantly higher risk of exposure to COVID-19 as a result of his confinement. Thus, again, his case is not "extraordinary."[20]

According to www.bop.gov, as of October 27, 2021, at Oakdale II FCI, where Defendant is incarcerated, there are only four active cases of COVID-19 among the 1,075 inmates and eight

---

*United States v. Beltran*, No. 6:16-CR-00004, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to a high-risk inmate with myriad underlying medical conditions who received the vaccine, finding that "vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection."); *accord United States v. Nunez-Arias*, No. CR H-16-436, 2021 WL 1537323, at *3 (S.D. Tex. Apr. 19, 2021).

[15] R. Doc. 463, p. 2.

[16] R. Doc. 449.

[17] Centers for Disease Control and Prevention (updated October 22, 2021).

[18] Once Defendant is eligible for a booster, if he does not receive it, he may attempt to once again move for compassionate release.

[19] *See, e.g.*, R. Docs. 456, 456-1, & 457.

[20] *United States of America v. Leo F. Haymond, III*, No. 17-cr-38, 2021 WL 4947859, *2 (M.D. La. Oct. 25, 2021).

positive staff members.  Accordingly, Defendant is not at a significantly greater risk of contracting COVID-19 due to his incarceration, and his circumstances are not "extraordinary."[21]

Finally, at the entire Oakdale Complex, comprised of Oakdale I and II, 198 staff members and 1,726 of the 1,987 inmates have been fully vaccinated.[22]  Considering that 86.86% of the inmate population at the Oakdale Complex has been fully vaccinated, Defendant's risk is relatively low, especially considering that he too has been vaccinated.[23]  As such, considering Defendant's vaccination status, the low number of cases at Oakdale II FCI, and the high percentage of vaccination at the Oakdale Complex, Defendant has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief under the compassionate release statute.

### Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion for Compassionate Release[24] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Supplement[25] and second Motion to Supplement[26] are **GRANTED**[27] and the Motion for Extension to Respond to the Government's Opposition of Defendant's Motion for Compassionate Release and to Supplement the Record[28] is **DENIED AS MOOT.**

---

[21] *See Id.* (wherein this Court denied compassionate release where the Defendant argued he suffered from obesity and took into account the fact that the defendant was not at a significantly higher risk of contracting COVID-19 as a result of his incarceration as compared to the general public).

[22] These statistics may be found at https://www.bop.gov/coronavirus/ (last visited October 27, 2021).

[23] *See United States v. Pineda*, No. 01-cr-108-5, 2021 WL 4137519, *3 (S.D. Tex. Sept. 8, 2021) (noting that as vaccine access expands, the risk that an inmate will contract a serious case of COVID-19 continues to decrease).

[24] R. Doc. 375.

[25] R. Doc. 378.

[26] R. Doc. 463.

[27] As noted above, the information contained in the supplements was considered in connection with ruling on the Motion for Compassionate Release.

[28] R. Doc. 384.  Since the filing of this Motion, Defendant has responded to the Government's opposition and supplemented the record.  *See, e.g.*, R. Docs. 435, 455, 456.

**IT IS FURTHER ORDERED** that Defendant's Motions to Expedite Ruling for Compassionate Release and/or Motion for Bail Pending Rule 33 Motion/2255[29] are **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 28th day of October, 2021.

_Shelly D. Dick_

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[29] R. Docs. 450 & 451. To the extent Defendant seeks to expedite a ruling on his Motion for Bail he should file a separate motion.