## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL NO.

VERSUS

ALVIN WATTS, III                                            16-104-SDD-EWD

### RULING AND ORDER

Before the Court is the *Emergency Motion for Bail Pending Appeal in Light of the COVID-19 Pandemic* (the "Motion")*,*[1] filed by Defendant Alvin Watts, III ("Watts"). The Government opposes the Motion.[2] Watts does not have a direct appeal pending, as the Fifth Circuit affirmed his conviction and sentence on direct appeal.[3] Even if Watts could be considered eligible for bail pending appeal under 18 U.S.C. § 3142(b) based on his pending Rule 33 Motion for New Trial[4] or § 2255 Motion to Vacate,[5] he has not established entitlement to the requested relief. Accordingly, the Motion will be denied.

On September 7, 2016, Watts was indicted on one count of conspiracy to possess, transport and traffic in embezzled pre-retail medical products and stolen property; one count of trafficking in stolen and embezzled pre-retail medical products; one count of transportation of stolen property; and one count of receipt, possession, concealment, storage, and sale of stolen property, in violation of 18 U.S.C. §§ 2, 371, 670, 2314, and 2315.[6] A jury found him guilty on all counts on August 22, 2018.[7] On May 15, 2019, the Court sentenced Watts to concurrent terms of 60 months for count

---

[1] R. Doc. 376.
[2] R. Doc. 383.
[3] R. Doc. 350.
[4] R. Doc. 343.
[5] R. Doc. 393.
[6] R. Doc. 1.
[7] R. Doc. 184.

one and 108 months for counts two through four in the custody of the Bureau of Prisons ("BOP") to run concurrently, followed by concurrent terms of three years of supervised release.[8] Watts is currently incarcerated at Oakdale Prison Camp ("Oakdale").[9]

Counsel for Watts filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit from his convictions, sentences, and final judgment on May 22, 2019.[10] The Fifth Circuit affirmed his conviction and sentence.[11] Watts' projected release date is December 21, 2025.[12]

Several times Watts has sought release to home confinement based on the COVID-19 pandemic.  First, while his direct appeal was pending, Watts filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).[13] The Court dismissed the motion without prejudice on June 6, 2020, finding lack of jurisdiction due to the pending appeal.[14] Watts then filed two, *pro se*, *Emergency Motion(s) to be Released to Home Confinement Pending Direct Appeal in Light of the COVID-19 Pandemic*.[15] Those motions were denied based on a finding by the Court that the denial of Watts' direct appeal mooted his request for release pending appeal under 18 U.S.C. § 3142(b).[16]  Most recently, this Court also denied Watts' *Emergency Motion for Sentence Reduction Bearing Effect to COVID-19 Pandemic at Federal Prison Oakdale, Louisiana* (the "Compassionate Release Motion").  As to the Compassionate Release Motion, the Court found that Watts failed to establish extraordinary and compelling reasons to warrant relief given that

---

[8] R. Doc. 294.
[9] R. Doc. 423.
[10] R. Doc. 298.
[11] R. Doc. 350; *United States v. Watts*, 823 Fed. App'x 225 (Aug. 14, 2020).
[12] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[13] R. Doc. 326.
[14] R. Doc. 336.
[15] R. Doc. 339, 340.
[16] R. Doc. 363.

Watts is vaccinated, the low number of cases at Oakdale II FCI, and the high percentage of vaccinated individuals in the inmate and staff population at Oakdale.[17]

In this Motion, Watts regurgitates the same arguments that have previously been rejected by this Court. He asks for bail pending resolution of his Rule 33 Motion for New Trial, and possibly 2255 Motion (which has now been filed). Watts seems to believe that the prior *Emergency Motion(s) to be Released to Home Confinement Pending Direct Appeal in Light of the COVID-19 Pandemic*[18] were denied before his Rule 33 and 2255 Motions were filed. However, the Rule 33 Motion was pending when the Court denied his prior motions because his direct appeal had been resolved.[19] Watts has still not shown that 18 U.S.C. § 3143(b) is applicable where no direct appeal is pending.[20] Even if he had shown that his request is properly considered, it would be denied.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3143, a convicted defendant has the burden of establishing four factors to obtain release pending appeal:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

---

[17] R. Doc. 465, p. 7.

[18] R. Doc. 339, 340.

[19] Watts' *Rule 33 Motion for New Trial Based on Newly Discovered Evidence* was filed on September 4, 2020. R. Doc. 343. The Ruling and Order denying his *Motion(s) to be Released to Home Confinement Pending Direct Appeal in Light of the COVID-19 Pandemic* was entered on October 27, 2020.

[20] *See United States v. Bolton*, Criminal Action No. 16-7, 2017 WL 2802727, at *5 (S.D. Miss. June 28, 2017) (noting uncertainty as to whether§ 3143(b) is applicable where a motion for new trial based on newly discovered evidence, but no direct appeal, is pending). The Government cites *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986), for this proposition. While not controlling, *Kelly* is instructive. In *Kelly*, defendant's conviction was affirmed on appeal, but he sought bail pending resolution of a motion for new trial based on newly discovered evidence, just as Watts does here. The *Kelly* court explained that § 3143(b) is inapplicable to a request for bail pending a motion for new trial and that a § 2255 motion is the vehicle by which criminal defendants who have exhausted their direct appeals may seek release while litigating new trial motions. *Kelly*, 790 F.2d 130, 139. Watts has a § 2255 Motion pending. R. Doc. 393.

(4) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.[21]

First, as the Government noted, Watts has not established that he is not likely to flee or pose a danger to the community if released. Although Watts argues that he is a first time, non-violent, non-sexual offender with significant ties to the community,[22] the Government points out that Watts received an obstruction-of-justice sentencing enhancement because of witness tampering the night before trial was originally scheduled in his case, and that Watts committed other violations of pretrial supervision. These violations resulted in revocation of his pretrial bond.[23]

As to whether his Motion for New Trial raise a substantial question of law or fact, the Government argues that Watts' new trial motion is untimely because it is not based on newly discovered evidence, but, rather, evidence of which Watts had personal knowledge or that had been provided in discovery (or, in the case of Judge Africk's post-sentencing order, not evidence at all).[24] The Fifth Circuit has defined a "substantial question" as a "a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."[25] Neither Watts' Rule 33 Motion, nor his 2255 Motion raise substantial questions as that term is defined. The Government presents evidence that his Rule 33 Motion is untimely,[26] and that his 2255 Motion based on four allegations of ineffective assistance of counsel, is without merit.[27] Those Motions

---

[21] *United States v. Valera–Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985) (interpreting 18 U.S.C. § 3143(b)).

[22] R. Doc. 376, pp. 2-3.

[23] R. Doc. 383, pp. 4-5. *See* R. Doc. 140 (granting Government's oral motion for pretrial bond revocation after hearing).

[24] *Id.* at pp. 5-6.

[25] *Valera–Elizondo*, 761 F.2d at 1023 (*citing United States v. Miller*, 753 F.2d 19, 23 (3rd Cir.1985)). *See also United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990) (defining "substantial question" as "one that is close or that could very well be decided the other way by the appellate court") (*quoting Valera–Elizondo*, 761 F.2d at 1024)); *Redeaux v. United States*, 806 F.Supp. 626, 627 (E.D. Tex. 1992) (relying on definition used in *Valera–Elizondo*).

[26] R. Doc. 352.

[27] R. Doc. 422.

will be decided in due course.  As the Fifth Circuit has held, "[r]elease on bail should be granted to a prisoner pending post-conviction collateral review 'only when the [movant] has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'"[28]  Watts has not shown he has a high probability of success on his constitutional claims, nor has he shown "extraordinary circumstances," which have been determined to include "serious deterioration of the movant's health while incarcerated,[29] short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective,[30] and extraordinary delay in processing a § 2255 motion."[31]

Finally, Watts' argument relying on the risks associated with the COVID-19 pandemic as a basis for granting release has already been rejected.  As this Court previously held, Watts has not established that his medical conditions constitute extraordinary and compelling reasons to warrant release where he is fully vaccinated, almost ninety percent of the staff and inmates at the Oakdale facility are also vaccinated, and the positivity rate at the facility is very low.[32]  Given the deference afforded to a conviction and sentence that has been affirmed on direct appeal and given that Watts has not met his substantial burden to establish he would be entitled to bail pending appeal, even if § 3143(b) is applicable here, the Motion is properly denied.

---

[28] *United States v. Stafford*, 253 F.3d 701, 701 (5th Cir. 2011) (*citing Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).

[29] While Watts has complained that his pre-existing health conditions put him at increased risk of complications if he contracts COVID-19, he has not shown a serious deterioration in his health while incarcerated.

[30] Watts was sentenced in May 2019 to a total term of imprisonment of 108 months.  R. Doc. 294.

[31] *Stafford*, 253 F.3d 701 (*citing Calley*, 496 F.2d at 702 n.1).  Watts' § 2255 Motion was just filed earlier this year (R. Doc. 393), and his Motion for New Trial was filed in September 2020.  R. Doc. 343.  Neither has been subjected to an "extraordinary delay in processing."

[32] R. Doc. 465.  According to information provided by the Bureau of Prisons, as of November 23, 2021, there are no confirmed active cases of COVID-19 among inmates and only 1 confirmed active staff case. www.bop.gov/coronavirus/

**IT IS ORDERED** that *Emergency Motion for Bail Pending Appeal in Light of the COVID-19 Pandemic* (the "Motion"),[33] filed by Defendant Alvin Watts, III ("Watts") is **DENIED.**

Signed in Baton Rouge, Louisiana on November 23, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] R. Doc. 376.