UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

ALVIN WATTS, III

CRIMINAL ACTION

NO. 16-104-SDD-EWD

### RULING

This matter is before the Court on Defendant, Alvin Watts, III's ("Defendant") Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] The United States of America ("the Government") filed an Opposition[2] to this motion, to which Defendant filed a Reply.[3] The Court has also considered Defendant's supplements to the record in support of this motion. For the following reasons, Defendant's Motion will be denied.

### I. BACKGROUND

Defendant and three codefendants (Troy J. Taylor, Broderick "Chris" Landry, and Francis "Frank" Asiedu Debrah) were charged in 2016 with healthcare fraud.[4] Another codefendant, Troy Weaver, pled guilty to crimes arising from these same events under a different docket number.[5] Defendant and his codefendants illegally stole, trafficked, and resold drugs used to treat HIV. Specifically, Defendant was charged with: (1) conspiracy to possess, transport, and traffic in embezzled pre-retail medical products and stolen

---

[1] Rec. Doc. 343.
[2] Rec. Doc. 352.
[3] Rec. Doc. 361.
[4] Rec. Doc. 1.
[5] Rec. Doc. 187-8.

property, violating 18 U.S.C. § 371; (2) trafficking in stolen and embezzled pre-retail medical products, violating 18 U.S.C. § 670; (3) transportation of stolen property, violating 18 U.S.C. § 2314; and (4) receipt, possession, concealment, storage, and sale of stolen property, violating 18 U.S.C. § 2315. The jury returned a verdict of guilty as to Defendant on all four counts.[6] The Defendant appealed to the Fifth Circuit, and the Fifth Circuit rejected all Defendant's claims on appeal.[7] Defendant now contends that newly discovered evidence entitles him to a new trial.[8]

Specifically, Defendant claims that three pieces of evidence are "new" such that they require he receive a new trial: (1) Leroy Bradford's ("Bradford") grand jury testimony, (2) Judge Africk's sentencing report, and (3) a written investigative memo by Joseph Springer ("Springer") about where the HIV drugs originated.[9] As for the grand jury testimony, Defendant argues that the testimony was (1) perjured by the United States and (2) not given to Defendant until after trial. Defendant clarifies that this purportedly perjured grand jury testimony does not only invalidate his trial verdict; rather, he contends his indictment should be vacated because of Bradford's grand jury testimony. Defendant claims the United States suborned perjured grand jury testimony from Bradford by feeding him a fake narrative to which he would testify so Defendant would be indicted.[10] Defendant contends the existence of this perjured testimony coupled with the fact that he allegedly never received a copy of the testimony constitutes "newly discovered" evidence.[11]

---

[6] Rec. Doc. 184.
[7] Rec. Doc. 184; Rec. Doc. 350.
[8] Rec. Doc. 343.
[9] See Rec. Doc. 343; See also Rec. Doc. 352, p. 2.
[10] Rec. Doc. 361, pp. 3-5.
[11] Id. at pp. 4-7.

Defendant also claims that Judge Africk's sentencing order is "new evidence" because it contained material not used at trial but relied upon by Judge Africk in calculating his sentence.[12] Finally, Defendant maintains the information in the investigative report prepared by Springer was not available to him before trial in violation of *Brady v. Maryland* and further, this information establishes his actual innocence.[13]

The Government opposes Defendant's motion and argues that neither Bradford's grand jury testimony nor Springer's investigative report are new evidence.[14] The Government contends Judge Africk's sentencing order is not evidence at all, let alone new evidence.[15] Alternatively, the Government maintains that, even if any of these pieces of "evidence" are considered new, none satisfies the jurisprudential prerequisites for a new trial.[16]

## II.  LAW AND ANALYSIS

A motion for a new trial on the grounds of newly discovered evidence, although disfavored,[17] should be granted if it is in the interest of justice.[18] To prevail on a motion for a new trial based on newly discovered evidence, the defendant must establish the following five elements:

> (1) The evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.[19]

---

[12] *Id.* at pp. 16-18.
[13] *Id.* at pp. 27-33.
[14] Rec. Doc. 352, p. 2.
[15] *Id.*
[16] *Id.* at pp. 7, 23.
[17] *United States v. Gonzales*, 163 F.3d 255, 264 (5th Cir. 1998).
[18] Fed. R. Crim. Proc. 33(b) (2014).
[19] *United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003) (quoting *United States v. Reedy*, 304 F.3d 358, 371 (5th Cir. 2002)).

A new trial should only be granted with great caution and only if it is in the interest of justice.[20] As the Fifth Circuit explained: "Generally, this court has held that the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant."[21]

### A. Bradford's Grand Jury Testimony

In March 2016, Bradford testified before the grand jury about witnessing Defendant have a conversation with codefendant Taylor about meeting codefendant Weaver.[22] Defendant, however, claims no such conversation ever took place.[23] Bradford also testified that he observed Defendant's phone ring and Weaver's name appeared on the screen,[24] which Defendant also disputes.[25] Bradford was not called to testify at Defendant's trial. However, both Taylor and Weaver testified at trial about Defendant's involvement in the crimes for which he was convicted.[26]

Bradford's grand jury testimony does not satisfy the requirements set forth above. Notably, the Government submitted dated correspondence establishing that Bradford's testimony was made available to Defendant before trial, so it cannot constitute newly discovered evidence.[27] The Government also submitted evidence showing that Defendant's attorney received portions of Bradford's grand jury testimony in its fifth

---

[20] U.S. v. Wall, 389 F.3d 457, 467 (5th Cir. 2004).
[21] Id.
[22] Rec. Doc. 344-1, pp. 1-3.
[23] Rec. Doc. 343, p. 2.
[24] Rec. Doc. 344-1, p. 3.
[25] Id. at pp. 2-3.
[26] Rec. Doc. 313, pp. 41-44.
[27] A letter sent by the Government shows that this information was communicated to Defendant's attorney. Additionally, after this information was sent, Defendant had a conversation with one of his co-conspirators (Taylor) about Bradford's testimony. See Rec. Doc. 344-1, pp. 1-3; Rec. Doc. 174, pp. 47-49.

government discovery transmission.[28] These documents were sent on March 22, 2018. Around the same time, Defendant *himself* shared documents from Bradford with one of his co-conspirators. These documents demonstrate that Defendant's attorney had Bradford's testimony prior to trial and that Defendant himself also had access to the documents.[29] While Defendant maintains he never saw these documents, the evidence presented by the Government undermines this claim. Additionally, under the principles of agency, if a document is sent to a defendant's attorney, the defendant is deemed to have knowledge of that document.[30]

Further, Defendant has failed to demonstrate how Bradford's grand jury testimony is either material or likely to produce an acquittal. Bradford did not testify at Defendant's trial, and Defendant maintains Bradford's testimony, which purportedly conflicts with that of other witnesses, lacks credibility and would have been given very little weight by the jury.[31] Defendant fails to argue or show how this testimony would have any effect on the verdict. Critically, Defendant does not argue that, had Bradford testified, he would have been acquitted. Accordingly, Defendant has not carried his burden to receive a new trial based on Bradford's grand jury testimony.

### B.  Judge Africk's Order

Defendant contends that Judge Africk's Order[32] constitutes "new evidence." He further substantively complains that the Order shows that his sentence should not have been enhanced by 14 levels, and the loss calculation should have been $0, not

---

[28] *See* Rec. Doc. 344-1, pp. 1-3; Rec. Doc. 352-1.
[29] Rec. Doc. 174, pp. 47-49.
[30] *See Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991), *holding modified on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012); *see also McCoy v. Louisiana*, 138 S. Ct. 1500, 1509–1510 (2018).
[31] Rec. Doc. 361, pp. 3-5.
[32] Rec. Doc. 288.

$474,561.[33] These arguments fail for a few reasons. First, this Order is not evidence, and it is not new. Further, the Order was considered on appeal to the Fifth Circuit.[34] The Order does not introduce new facts to the case; rather, it documents the Judge's conclusions based on the evidence already in the record. Second, Defendant's challenge to the substance of the Order has already been dismissed by the Fifth Circuit and is not properly before the Court under the law-of-the-case doctrine.[35] Simply put, "Judge Africk's order was affirmed on appeal and Watts cannot relitigate the 'value or quantity of the drugs' attributed to him when calculating the loss."[36]

### C. Springer's Investigative Report

Defendant also claims that an investigative report prepared after the trial but prior to sentencing constitutes new evidence warranting a new trial, and he further claims the Government violated *Brady v. Maryland*[37] by not disclosing this material pre-trial because it demonstrates his actual innocence. Generally speaking, the investigative report reveals some ambiguity or confusion over which party is the actual victim in this case. Defendant contends if no victim can be identified, he is not guilty and there is no loss. Judge Africk expressly rejected this argument, instructing that a defendant does not absolve himself from responsibility for a loss just because the victim cannot be determined between two entities: "the general rule calculating the total loss amount pays no regard to the identity

---

[33] Rec. Doc. 344, pp. 7-12.
[34] *Compare* Rec. Doc. 288 *with* Rec. Doc. 294; *see also United States v. Watts*, 823 Fed.App'x 255, 258 (5th Cir. 2020) (per curiam); Rec. Doc. 350.
[35] *See United States v. Shoemaker*, 626 F. App'x 93, 95–97 (5th Cir. 2015). No exceptions to this doctrine are applicable here, and Defendant does not argue that they do.
[36] Rec. Doc. 352, p. 15 (quoting *Watts*, 823 Fed.App'x at 258).
[37] 373 U.S. 83 (1963).

of the victim."[38]   Thus, he determined that identifying the victim was irrelevant when calculating the loss in this case.[39]

The law-of-the-case doctrine likewise applies to Defendant's arguments regarding this report.  Some of Defendant's arguments were expressly rejected by the Fifth Circuit while others were impliedly rejected.[40]  Under *United States v. Lee*, Defendant cannot use this report to now question the value or quantity of stolen medication that was attributed to him for purposes of restitution.[41]

Next, the Government submits evidence showing that the material in the investigative report is not "new" because essentially the same information was disclosed to the Defendant back in 2015, three years prior to his trial.[42]

Defendant's *Brady* argument is similarly meritless.  Because this information was never suppressed, it cannot constitute *Brady* material. The Supreme Court holds that: "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."[43] The record demonstrates that Defendant (and/or his counsel) knew the relevant facts before trial, therefore his claim is untimely under Rule 33(b).

---

[38] Rec. Doc. 288, p. 6 (discussing U.S.S.G. § 2B1.1(b)(1)).
[39] *Id.* at pp. 6-7.
[40] *See Watts*, 823 Fed.App'x at 258.
[41] 358 F.3d 315, 320 (5th Cir. 2004)(The law-of-the-case "proscription covers issues [an appellate court has] decided expressly and by necessary implication . . . reflecting the sound policy that when an issue is once litigated and decided, that should be the end of the matter.").
[42] Rec. Docs. 385-4, 385-6, 385-8, 385-9, 385-10.
[43] *Strickler v. Greene*, 527 U.S. 263, 281–282 (1999).

Further, even if he had not been provided this material, Defendant cannot demonstrate how this information would have changed the outcome of his trial. Again, the inability to identify a specific victim does not mean there is no loss and no crime occurred. The Government discussed a wealth of jurisprudence affirming the well-established principle that the identity of the owner is not a necessary element of proof to convict for theft.[44]

For these reasons, Defendant has failed to satisfy the requirements for a new trial based on the Springer report. He has likewise failed to show a *Brady* violation or that this report demonstrates his "actual innocence."[45]

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure[46] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 14 day of November, 2023.

_____
SHELLY D. DICK
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[44] *See* Rec. Doc. 352, pp. 21-23.
[45] Defendant's "actual innocence" claim does not appear legally cognizable under the law. The Fifth Circuit has held that it "does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009) (citation omitted).
[46] Rec. Doc. 343.